

2/4/2021

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STANLEY LORENZO WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-0313 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint.[1] The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

---

[1] Because Williams is the only plaintiff who submitted an application to proceed *in forma pauperis* and because Williams is not authorized to represent other parties, the Court proceeds as if he is the sole plaintiff.

Plaintiff's suit arises from the events of January 6, 2021, in Washington, D.C., including the former President's speech allegedly inciting an attack on the United States Capitol. According to Plaintiff, the former President's speech allegedly contained an implicit promise to pardon the rioters. He further alleges that his promise violated the First and Fourteenth Amendments to the United States Constitution. In addition to monetary and punitive damages, Plaintiff demands a court order suspending "Article II[,] Section 2[,] Clause 1 of the Constitution" on the ground that the pardon power is "unconstitutional[] . . . on its face" and "maintain[s] . . . violence." Dkt. 1 at 10.

Missing from the complaint are any factual allegations establishing that plaintiff sustained (or is likely to sustain) an injury resulting from the former President's actions or any other event occurring on January 6, 2021. "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.

Because plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claims. The complaint must therefore be dismissed.

A separate order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: February 4, 2021